Melvin C. McCORMICK, Appellant,

v.

NEW YORK CENTRAL RAIL-ROAD COMPANY.

No. 11537.

United States Court of Appeals
Third Circuit.

Argued April 21, 1955.

Decided May 12, 1955.

B. Nathaniel Richter, Philadelphia, Pa. (Richter, Lord & Farage, Philadelphia, Pa., on the brief), for appellant.

S. Dale Furst, Jr., Williamsport, Pa. (Furst, McCormick, Muir & Lynn, Williamsport, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This is an action for personal injuries brought under the Federal Employers' Liability Act, 35 Stat. 65, 1908, as amended, 45 U.S.C.A. § 51 et seq. The

defendant had a verdict in the trial court and the plaintiff appeals. The plaintiff asserts in his appeal that the instructions by the district judge to the jury and the refusal by the judge to give a point for charge which the plaintiff requested, bring back into the case the now discarded doctrine of assumption of risk. This is the entire case made on appeal. If the point were well taken it certainly would be sufficient for a reversal because no one nowadays would assert that the assumption of risk doctrine has any place in litigation of this kind. We think, however, that the point is not well taken.

A reading of the evidence in the case brings pretty clearly to mind what the situation was when both sides had rested and the problems were left to the jury to solve. The plaintiff claimed that he was hurt by a defective jack which he had used to raise a freight car in the defendant's yard. Because this jack was defective, he said, it did not come down in the proper way as he sought to lower the car which he had jacked up and he was hurt thereby. The result, he claimed, was a permanent injury.

The defendant, on the other hand, insisted that there had been no accident at all and suggested that the plaintiff's complaint came from a former accident for which he had been compensated and had given a release. The defendant also claimed that the plaintiff's theory of the case was purely fictitious and produced testimony to the effect that the kind of accident the plaintiff described could not have happened with a defective jack.

When the judge came to charge the jury he covered the whole ground pretty thoroughly. He quoted the statute. He defined negligence. Then he instructed the jury as to what the obligation of the employer was in such a case as this. He told them to ask themselves "whether the defendant conformed to that standard of reasonable care in the situation here involved." He pointed out that the obligation to use reasonable care applied to the duty of the railroad "in furnishing its employees safe tools with which to work. Such duty becomes more imperative as the risk increases."

Toward the end of the charge he met the assumption of risk point squarely. He said, "A railroad employee does not assume the risk of his employment; that is if he is furnished an unsafe tool or appliance with which to work as is charged in this complaint. He does not assume the risk involved even though he knows it is unsafe, . . ." Then, at the plaintiff's request, he charged that if the jack failed to react in the usual manner the jury "may find from its very failure to operate properly that the jack was defective." Then he told them, also at the request of plaintiff, "If you find that the plaintiff was injured as the result of a defective jack supplied by his employer and used by him in the course of his employment your verdict must be for the plaintiff."

It is to be noted that this last instruction, given at the request of the plaintiff, really gives a plaintiff more than he is entitled to have. This portion of the charge put the duty upon the defendant to provide a safe jack in any event regardless of the exercise of ordinary care which was described and prescribed earlier in the charge as the measure of the obligation. In other words, this last portion of the charge was too favorable to the plaintiff, an error of which he can hardly complain.

The point refused by the court we think was properly refused. It had to do with the duty of inspection and the judge's instructions already quoted, we think, put the duty of inspection as part of the general obligation to use reasonable care and put the problem to the jury in a way which was in proportion and correct.

It is quite evident that in spite of too favorable a charge this jury did not accept the plaintiff's story. The Supreme Court has emphasized many times the policy of having these claims under the statute settled by jury decision. That was done in this case. It went to the jury under favorable instructions which stated the problem that body had to meet.

The judgment of the district court will be affirmed.